# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

BENITO VARGAS

    Plaintiff,

*v*.                                  Case No. 07-CV-10602

COMMISSIONER OF           DISTRICT JUDGE VICTORIA A. ROBERTS
SOCIAL SECURITY,             MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.     RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.     REPORT

### A.     Introduction and Procedural History

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E. D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for disability insurance benefits. This matter is currently before the Court on Defendant's motion for summary judgment. (Dkt. 10, 13.)

Plaintiff was 50 years of age at the time of the administrative hearing. (Tr. at 239.) He has a high school education. (*Id.*, Tr. at 89.) Plaintiff's relevant work history includes approximately 27 years work for General Motors at various production jobs. (Tr. at 84.)

Plaintiff filed the instant claim on October 23, 2003, alleging that he became unable to work on April 4, 2003. (Tr. at 58-60.) The claim was denied at the initial administrative stages. (Tr. at 21-32.) In denying Plaintiff's claim, the Defendant Commissioner considered degenerative disc disease and disorders of the back as possible bases of disability. (*Id.*) Plaintiff filed a second application for benefits June 13, 2004, (Tr. at 61-63) followed by a Request for Hearing filed September 20, 2004. (Tr. at 33.) On July 22, 2005, Plaintiff appeared before Administrative Law Judge ("ALJ") David Wurzel who considered the case *de novo*. In a decision dated July 21, 2006, the ALJ found that Plaintiff was not disabled. (Tr. at 11-20.) Plaintiff requested a review of this decision on August 28, 2006. (Tr. at 7-10.)

The ALJ's decision became the final decision of the Commissioner on January 19, 2007, when the Appeals Council denied Plaintiff's request for review. (Tr. at 2-4.) On February 9, 2007, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

**B.     Standard of Review**

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to

determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case *de novo* . . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for

substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

**C.     Governing Law**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). One is thus under a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

A claimant must meet all five parts of the test set forth in 20 C.F.R. § 404.1520 in order to receive disability benefits from Social Security. The test is as follows:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.
>
> Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.
>
> Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.
>
> Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 554 n.2 (6th Cir. 1995); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 687-88 (6th Cir. 1985). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Preslar*, 14 F.3d at 1110. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the

burden transfers to the [Commissioner]." *Id.* "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy. . . ." *Id.*

    **D.**    **Administrative Record**

Evidence contained in the administrative record and presented to the ALJ indicates that between June and November 2002, Plaintiff underwent physical therapy at St. Mary's Spine and Rehabilitation Center. (Tr. at 152-159.) Plaintiff was seen at various times by Dr. Quarters, D. O. and underwent x-rays at the doctor's request. (Tr. at 150-151, 160-162, 197-199, 204-207, 218.) Between April 2003, in June 2005, Plaintiff was regularly seen by Dr. Gavin Awerbuch. (Tr. at 163-164, 169-172, 176-177, 201, 210-212, 216.) Plaintiff also underwent a series of x-rays and other tests conducted at the doctor's request. (Tr. at 165-168, 173-175, 213-215.)

    **E.**    **ALJ's Findings**

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. at 15.) At step two, the ALJ found that Plaintiff's impairments were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 16.) At step four, after concluding that the Plaintiff had the residual functional capacity for a range of sedentary exertion work, the ALJ found that Plaintiff could return to his previous work variously described as an inspection or sorting job. (Tr. at 16-19.) As a result, the ALJ did not proceed to step five of the Commissioner's disability analysis.

    **F.**    **Review of ALJ's Determination**

    **1.**    **Legal Standards**

In reaching his determination of nondisability, the ALJ concluded that plaintiff was capable of undertaking a range of sedentary work. Sedentary work involves lifting no more than ten pounds at a time and occasional lifting and carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a). Social Security Ruling (SSR) 83-10 clarifies this definition and provides that:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

### 2. Substantial Evidence

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

As mentioned, the ALJ concluded that Plaintiff had the ability to return to his prior work. This finding ended the ALJ's disability inquiry because Plaintiff could not make out a prima facie

showing of disability as he could return to his previous work. Step Four "necessarily entails a comparison of the physical demands of the claimant's past relevant work with [his] present mental and physical capacity." *Veal v. Bowen*, 833 F.2d 693, 697 (6th Cir. 1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The Commissioner's regulations state:

> If you can do your previous work (your usual work or other applicable past work), we will determine that you are not disabled. However, if your residual functional capacity is not enough to enable you to do any of your previous work, we must still decide if you can do any other work. . . .

20 C.F.R. § 404.1561.

In *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074 (6th Cir. 1987), the Sixth Circuit clarified the standard of proof necessary for a showing that a social security benefits claimant is unable to return to former work:

> Rather, the Act requires that he show that his impairments are so severe that he is "unable to do his previous work. . . ." 42 U.S.C. § 423(d)(2)(A). He must prove "an inability to return to his former <u>type</u> of work and not just to his former job." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) (emphasis in original). *See also Gray v. Heckler*, 760 F.2d 369, 273 (1st Cir. 1985); *De Loatche v. Heckler*, 715 F.2d 148, 151 (4th Cir. 1983); *Jock*, 651 F.2d at 135.

*Studaway*, 815 F.2d at 1076.

The Court affirmed the denial of benefits concluding: "Because the relevant inquiry is whether *Studaway* could return to his past type of work rather than his past job, we are compelled to affirm." (*Id.*)

In determining the level of exertion required by prior work, the ALJ may normally look to the job descriptions contained in the <u>Dictionary of Occupational Titles</u>. *De Loatche v. Heckler*, 715 F.2d 148 (4th Cir. 1983). However, the job categories of the Dictionary may be overcome by evidence demonstrating that the particular duties of plaintiff's prior work were not those envisioned by the framers of the Dictionary. *Carter v. Sec'y of Health & Human Servs.*, 834 F.2d 97 (6th Cir.

8

1987).  During the administrative hearing, Plaintiff described a prior job involved in the sorting of small parts.  (Tr. at 244-245.)  Plaintiff stated that the job involved looking at the surface of bolts for irregularities or defects, such as chips.  (*Id.*)  The heaviest of these parts weighed about 5 pounds.  (*Id.*)  Plaintiff stated that this job could be done while either sitting or standing.  (Tr. at 246.)

Although there is a body of evidence to the contrary (Tr. at 163, 201, 208, 210, 212, 216, 222-223), under the standards outlined above, I conclude that substantial evidence supports the ALJ's findings.  As to Plaintiff's claim of disabling physical impairments, the evidence of record indicates that x-rays of Plaintiff's lumbar spine taken in October of 2001, at the request of Dr. Quarters, indicated only mild degenerative changes in Plaintiff's back.  (Tr. at 150.)  In November of 2002, Plaintiff's physical therapist reported that after physical therapy, clinical indicators showed improvement.  (Tr. at 159.)  X-rays taken of Plaintiff's lumbar spine, again at the request of Dr. Quarters, in March of 2003 again indicated only mild degenerative changes.  (Tr. at 160.)  Electromyographic testing conducted by Dr. Awerbuch in April, 2003, January, 2004, and January, 2005, was normal.  (Tr. at 165, 173, 213.)  An MRI of Plaintiff's lumbar spine conducted in May of 2003 at the request of Dr. Awerbuch again show only mild degenerative changes.  (Tr. at 168.)  X-rays of Plaintiff lumbar spine taken in February of 2005 at the request of Dr. Quarters showed no change from previous x-ray studies.  (Tr. at 205.)  During that same month, Dr. Awerbuch reported that "[w]e discussed his prior work history and when he was doing and inspection job he was working regularly, however, went this job was eliminated and he was placed back on more strenuous work, he had problems [.]" (Tr. at 212.)  In January and June of 2005, Dr. Awerbuch reported that Plaintiff was capable of lifting up to 10 pounds, could sit or stand at will and could undertake activities which did not require excessive bending.  (Tr. at 219-220.)

A vocational expert ("VE") testified at the administrative hearing. In response to a hypothetical question from the ALJ presuming limitations consistent with the Commissioner's definition of light work, the VE stated that Plaintiff could return to his prior work sorting and/or inspecting small parts. (Tr. at 272-273.) In light of the medical evidence discussed earlier, I suggest that the VE's opinion is consistent with the findings of Dr. Awerbuch, and can properly be considered substantial evidence supporting the ALJ's findings. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 481 (6th Cir. 1988); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The contrary arguments raised by counsel for Plaintiff, I suggest, failed to carry the day.

Accordingly, I suggest that the record contains substantial evidence supporting the ALJ's decision and, therefore, after review of the record, I conclude that the ALJ's decision, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts." *Mullen*, 800 F.2d at 545.

### III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections

a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                 s/ *Charles E Binder*
                 CHARLES E. BINDER
Dated: January 3, 2008         United States Magistrate Judge


### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James A. Brunson, the Commissioner of Social Security, and on Mikel E. Lupisella, and on District Judge Victoria A. Roberts in the traditional manner.

Date: January 3, 2008   By  s/Patricia T. Morris
                Law Clerk to Magistrate Judge Binder